UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR FREDERICK, DAVID SEVCIK,
and ROBERT LONG,                                                    06 CV 15341(AKH)
                                         Plaintiffs,

          - against -

                                                                   **Hon. Alvin K. Hellerstein**

DREISER LOOP SUPERMARKET CORP.,
C-TOWN, BRAVO SUPERMARKET, and
RAYMOND VARGAS,
                                         Defendants.
------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO
CIRCULATE A NOTICE OF PENDENCY AND CONSENT TO JOIN AND FOR CLASS
CERTIFICATION AND TO AMEND THE COMPLAINT**


August 6, 2008                    By:     Gregory S. Lisi, Esq. (6083)
                                          Law Offices of Gregory S. Lisi, P.C.
                                          55 Front Street, Suite 7
                                          Rockville Centre, NY 11570
                                          (516) 678-7100
                                          *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………..1

I.  THE COURT SHOULD DENY PLAINTIFFS'
    PROPOSED AMENDMENT AS FUTILE AS
    THE PROPOSED PARTIES NEVER EMPLOYED
    ANY PLAINTIFFS HEREIN AND NO CAUSE OF
    ACTION PURSUANT TO THE FLSA OR NY
    STATE LABOR LAW CAN BE MAINTAINED
    AGAINST THEM BY THESE PLAINTIFFS ………………………………………3

II. THE COURT SHOULD DENY CONDITIONAL
    CERTIFICATION OF PLAINTIFFS' FAIR
    LABOR STANDARDS ACT CLAIMS
    BECAUSE PLAINTIFF'S DECLARATION
    IS FACTUALLY INSUFFICIENT TO SHOW
    PLAINTIFFS ARE SIMILARLY SITUATED TO
    OTHER EMPLOYEES ……………………………................................................5

III. IF THE COURT CONDITIONALLY CERTIFIES
     A FLSA COLLECTIVE ACTION, THE
     PROSPECTIVE CLASS SHOULD BE LIMITED
     TO EMPLOYEES OF DREISER LOOP
     SUPERMARKET CORP. WHO WORKED IN
     DEPARTMENTS WITHIN THE PERSONAL
     KNOWLEDGE OF PLAINTIFF FREDERICK ……………………….....................10

        A.  The Proposed Class Should Be
            Limited To Employers and Stores
            Within the Personal Knowledge of
            Declarant ……….……………………………………………………..10

        B.  The Proposed Class Should Be
            Limited to Employees Within the
            Departments Within the Personal
            Knowledge of Declarant …………………………………………….…12

        C.  Plaintiffs Proffer No Legal Basis
            For Expanding the Proposed Class
            Beyond the Alleged Personal
            Knowledge of Declarant …………………………………………….…13

IV.   PLAINTIFFS' DEMAND FOR RULE 23
      CERTIFICATION SHOULD BE DENIED
      BECAUSE PLAINTIFFS HAVE FAILED
      TO SATISFY THE PREREQUISITES FOR
      MAINTAINING A RULE 23 ACTION …………………………………………….14

      A.   The Proposed Class Does Not Satisfy
           The Numerosity Requirement And
           Therefore Retaining Individualized
           Claims is Preferable to a Class Action .…………………………………….15

      B.   There is No Common Question of Law
           Or Fact Regarding Defendants' Policies.
           Liability Turns on Fact-Intensive
           Individualized Determinations As to
           Each Employee's Work Hours …………………………………………..18

      C.   The Plaintiffs Will Not Fairly or
           Adequately Protect the Interests
           of the Class ………………………………………………………………….21

      D.   Certification Pursuant to
           FRCP 23(b)(3) is Inappropriate
           Because Common Questions of Law
           or Fact Do Not Predominate …………………………………………….22

V.    CONCLUSION …………………………………………………………………...24

## TABLE OF AUTHORITIES

*In re Agent Orange Prod. Liab. Litig.*
*MDL No, 381*, 818 F.2d 145 (2nd Cir. 1987) ……………………………………………………18

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ……………………………………………14

*Anglada v. Linens 'N Things, Inc.*,
2007 WL 1552511 (S.D.N.Y. 2007) ……………………………………………………6-7, 11-14

*Bhanti v. Brookhaven Memorial Hosp. Medical*
*Center, Inc.*, 260 A.D.2d 334 (2nd Dept. 1999) ………………………………………………...3

*Caridad v. Metro-North Commuter R.R.*,
191 F.3d 283 (2nd Cir. 1999) ……………………………………………………………………14

*Consol. Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2nd Cir. 1995) …………………………………………………………………..16-18

*Cuzco v. Orion Builders, Inc.*,
477 F.Supp.2d 628 (S.D.N.Y. 2007) …………………………………………………………..8

*de la Fuente v. DCI Telecommunications, Inc.*,
206 F.R.D. 369 (S.D.N.Y. 2002) ……………………………………………………………..21

*Diaz v. Electronics Boutique of America, Inc.*,
2005 WL 2654270 (???) …………………………………………………………………..7-8

*Fasanelli v. Heartland Brewery, Inc.*,
516 F.Supp.2d 317 (S.D.N.Y. 2007) ……………………………………………………………..7

*Fei v. WestLB AG*,
2008 WL 594768 (S.D.N.Y. 2008) …………………………………………………………………3

*Fogarazzao v. Lehman Bros., Inc.*,
232 F.R.D. 176 (S.D.N.Y. 2005) ………………………………………………………………14-15

*Forman v. Davis*, 371 U.S. 178 (1962) …………………………………………………...3

*Gauthier v. North Shore-Long Island*
*Jewish Health System*, 298 F.Supp.2d 342 (E.D.N.Y. 2004) ……………………………………3

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F.Supp.2d 101 (S.D.N.Y. 2003) …………………………………………………………..6, 9

*General Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982) ……………………………………………………………………..15

*Green v. Wolf Corp.*, 406 F.2d 291 (2nd Cir. 1968) …………………………………………..15

*Haynes v. Singer Co., Inc.*,
696 F.2d 884 (11th Cir. 1983) …………………………………………………………...13

*Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249 (S.D.N.Y. 1997) ……………………………..6, 13-14

*Hovarth v. Daniel*, 423 F.Supp.2d 421 (S.D.N.Y. 2006) …………………………………………3

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
239 F.R.D. 363 (S.D.N.Y. 2007) …………………………………………………………6

*In re Initial Pub. Offering Sec. Litig.*,
227 F.R.D. 65 (S.D.N.Y. 2004) …………………………………………………………15

*In re Initial Pub. Offering Sec. Litig.*,
243 F.R.D. 79 (S.D.N.Y. 2007) …………………………………………………………18

*Jackson v. New York Telephone Co.*,
163 F.R.D. 429 (S.D.N.Y. 1995) ……………………………………………………6, 8

*Jacobsen v. Stop & Shop Supermarket Co.*,
2003 WL 21136308 (S.D.N.Y. 2003) …………………………………………………8

*Jenkins v. Hanac, Inc.*, 493 F.Supp.2d 556 (E.D.N.Y. 2007) …………………………………...21

*Kaczmarek v. Int'l Bus. Machs. Corp.*,
186 F.R.D. 307 (S.D.N.Y. 1999) …………………………………………………15, 19

*Klegerman v. F.G. Apparel, Inc.*,
1986 WL 2531 (N.D. Ill. 1986) ……………………………………………………13

*Korn v. Franchard Corp.*, 456 F.2d 1206 (2nd Cir. 1972) ………………………………………13

*In re Lloyd's Am. Trust Fund Litig.*,
1998 WL 50211 (S.D.N.Y. 1998) ………………………………………………………15

*Matter of 12 Cornelia Street*, 56 N.Y.2d 895 (N.Y. 1982) ………………………………………4

*Matter of Sullivan Co.*, 289 N.Y. 110 (N.Y. 1942) ………………………………………………4

*In re Oxford Health Plans, Inc.*,
191 F.R.D. 369 (S.D.N.Y. 2000) ………………………………………………………21

iv

*Realite v. Ark Restaurants Corp.*,
7 F.Supp.2d 303 (S.D.N.Y. 1998) ………………………………………………………..8

*Severtson v. Phillips Beverage Co.*,
137 F.R.D. 264 (D. Minn. 1991) ………………………………………………………..13

*Schweed v. General Elec. Co.*,
159 F.R.D. 373 (N.D.N.Y. 1995) …………………………………………………………8

*Sirota v. Solitron Devices, Inc.*,
673 F.2d 566 (2nd Cir. 1982) …………………………………………………………15

*Soviero v. Carroll Group Intern., Inc.*,
27 A.D.3d 276 (1st Dept. 2006) ……………………………………………………...3

*Tri-State Judicial Servs. v. Markowitz*,
624 F.Supp. 925 (E.D.N.Y. 1985) ………………………………………………………..3

*Vreeland v. Ethan Allen, Inc.*,
828 F.Supp. 14 (S.D.N.Y. 1993) ………………………………………………………13

*Zhong v. August August Corp.*,
498 F.Supp.2d 625 (S.D.N.Y. 2007) ……………………………………………………..7

## STATUTES CITED

29 U.S.C. § 206, 207 (2008) ……………………………………………………………1, 2

Federal Rules of Civil Procedure 15 (2008) …………………………………………...…3

Federal Rules of Civil Procedure 23 (2008) ………………………………...……….14-15, 18, 22

N.Y. Labor Law § 190 et seq. (2008) ……………………………………………………1, 2

N.Y. Code of Rules and Regulations § 142-2.4 (2008) ………………………………………21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ARTHUR FREDERICK, DAVID SEVCIK,
and ROBERT LONG,                                    **Memorandum of Law in**
                                Plaintiffs,          **Opposition to Plaintiffs'**
                                                     **Motion to Circulate a Notice**
                                                     **Of Pendency and Consent to**
         - against -                                 **Join and for Class Certification**
                                                     **and to Amend the Complaint**

DREISER LOOP SUPERMARKET CORP.,
C-TOWN, BRAVO SUPERMARKET, and
RAYMOND VARGAS,                                      06 CV 15341(AKH)
                                Defendants.
---------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiffs' Motion seeks to certify a conditional class pursuant to the Fair Labor

Standards Act (FLSA) and a class action pursuant to FRCP 23 for New York State Labor Law

claims.  The proof adduced in support of the motion is a Declaration from Arthur Frederick,

wage records provided by Defendants and the transcript of a deposition of Ramon Vargas,

Defendant and shareholder of the Defendants.  Plaintiffs also seek to add parties regarding

additional corporations owned by Ramon Vargas.  None of the Plaintiffs to this action ever

worked at any of those stores.

Plaintiffs' motion to add parties is incorrect.  The FLSA and NYS Labor Law applies to

employees.  None of the Plaintiffs in this action ever worked for any of the corporations

Plaintiffs seek to add.  Therefore, Plaintiffs have no standing to bring an action against such

parties.

Further, Plaintiffs' Motion for Certification lacks sufficient factual support for

certification of the proposed classes.  Only one of the three Plaintiffs, Mr. Frederick, submitted a

Declaration in support of the motion.  In addition to its lack of corroboration, the Declaration's

content is conclusory in its factual allegations.  Such a Declaration lacks the modest factual

nexus requisite for the "similarly situated" standard of conditional certification pursuant to the

Fair Labor Standards Act, nor the rigorous analysis of an FRCP 23(a),(b)(3) Class Action.

  If the Court finds class actions or conditional certification appropriate, the classes should

be limited to the departments, store, and/or company supported by the factual record.  Mr.

Frederick, the sole Declarant, only worked for Dreiser Loop Supermarket Corp. and only has

personal knowledge of that one store located at 111 Dreiser Loop.  For that reason, the class

should be limited to 111 Dreiser Loop.  In addition, Mr. Frederick alleges he worked in three of

the eight departments of the store, although Mr. Frederick actually only worked as security.

Affidavit of Ramon Vargas (**Exhibit A,** but hereinafter "Vargas Aff.") ¶ 7.  However, for the

purpose of this motion, we shall assume, *arguendo*, his declaration is correct and say he worked

in three departments.  Further, Mr. Frederick alleges that other employees were similarly affected

by Defendants' wage and overtime policies, but there is no mention in his Declaration of any

basis for knowledge of any other department.  In fact, employees in other departments are not

similarly situated as they have other duties, schedules, and hours which the Plaintiffs do not

know about.  Vargas Aff. ¶ 5-6.  In short, there is a dearth of factual support for extending the

class as demanded by Plaintiffs to persons who the Plaintiffs have no factual basis for believing

to be similarly affected.

# I.   THE COURT SHOULD DENY PLAINTIFFS' PROPOSED AMENDMENT AS FUTILE AS THE PROPOSED PARTIES NEVER EMPLOYED ANY PLAINTIFFS HEREIN AND NO CAUSE OF ACTION PURSUANT TO THE FLSA OR NY STATE LABOR LAW CAN BE MAINTAINED AGAINST THEM BY THESE PLAINTIFFS

This Court should deny Plaintiffs' amendment because it is futile.   The Supreme Court has stated that leave to amend should not be denied in the absence of undue delay, bad faith, futility, prejudice to the nonmoving party, or other factors.  *Forman v. Davis*, 371 U.S. 178, 182 (1962) (*emphasis added*); *Gauthier v. North Shore-Long Island Jewish Health System,* 298 F.Supp.2d 342, 349 (E.D.N.Y. 2004) (citing *Forman*, 371 U.S. 178); In *Gauthier*, the Court declined to grant leave to amend "because her proposed amended complaint 'would be subject to immediate dismissal for failure to state a claim or on some other ground'."  298 F.Supp.2d at 350; *see also Horvath v. Daniel*, 423 F.Supp.2d 421 (S.D.N.Y. 2006); *Fei v. WestLB AG*, 2008 WL 594768, *2 (S.D.N.Y. 2008); *Tri-State Judicial Servs. v. Markowitz*, 624 F.Supp. 925, 926 (E.D.N.Y. 1985).  Here, the Plaintiffs' proposed amendment would be subject to immediate dismissal because no employer-employee relationship exists between any of the proposed defendants; a necessary element to a FLSA or NY Labor Law Art. 6 claim.  *See, e.g.,* 29 U.S.C. § 206, 207; (2008)[1]; NY Labor Law § 190 et seq. (2008)[2].  Mr. Frederick was only employed by Dreiser Loop Supermarket Corp.  Vargas Aff. ¶ 7; Vargas Dep. (**Exhibit B**, hereinafter "Vargas

---

[1] 29 U.S.C. § 206 provides, "Every employer shall pay to each of his employees…wages at the following rates" and 29 U.S.C. § 207 provides, "…no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed…".

[2] *Bhanti v. Brookhaven Memorial Hosp. Medical Center, Inc.*, 260 A.D.2d 334, 335 (2nd Dept. 1999) ("In order to state a claim under article 6, a plaintiff must first demonstrate that he or she is an employee entitled to its protections…"); *see also Soviero v. Carroll Group Intern., Inc.*, 27 A.D.3d 276, 277 (1st Dept. 2006) ("Plaintiff was no longer an 'employee'…such as would entitle her to wages…").

Dep.") 120.  Mr. Long and Mr. Sevcik were independent contractors[3] for Dreiser Loop

Supermarket Corp.  Vargas Aff. ¶ 9-10.  Thus, Plaintiffs are not and have never been employees

of any of the proposed additional defendants.  Frederick Decl. ¶ 3,5 (only mentioning working at

111 Dreiser Loop and not mentioning any other store); Vargas Aff. ¶ 10; *see also* Vargas Dep.

120 (noting Frederick was an employee of Dreiser Loop Supermarket Corp.). Therefore, the

Court should deny Plaintiffs' motion to add parties and amend the complaint as futile as the

Plaintiffs' have no standing to add the proposed defendants.

The Court should also note the dearth of factual and legal support for Plaintiffs'

conclusory argument that the Plaintiffs have standing to add the proposed Defendants.  Plaintiffs

assert that that "proposed Defendants have the same relationship as Defendants to present

plaintiffs and the prospective class…"  Plaintiffs' Memorandum of Law § III(D) p. 21.

However, this mere assertion is (1) without citation (legal or factual) in the Plaintiff's

Memorandum of Law and (2) without factual support in Mr. Frederick's declaration.  Further,

the documentary evidence produced to Plaintiffs is clear that Mr. Frederick only worked at 111

Dreiser Loop.  **Exhibit C.**  In fact, the only party whom Plaintiffs did or conceivably worked for

was Dreiser Loop Supermarket Corp. Vargas Aff. ¶ 7, 10.  As Dreiser Loop Supermarket Corp.

is already a defendant and the Plaintiffs <u>do not</u> have standing to sue the proposed Defendants as

employees, the motion to add parties and amend is futile and should be denied.

For the Court's information, the corporations Plaintiffs seek to add are entirely separate

and distinct corporate entities.  **Exhibit D**; Vargas Aff. ¶ 4.  While the corporations have in

---

[3] "The determination of whether an employer-employee relationship exists rests upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results."  *Bhanti*, 260 A.D.2d at 335 (citing *Matter of 12 Cornelia Street*, 56 N.Y.2d 895, 897; *Matter of Sullivan Co.*, 289 N.Y. 110).  Here, Dreiser Loop Supermarket Corp. exercised no more than minimal control over both Mr. Long and Mr. Sevcik. Vargas Dep. 116-17.  For example, Mr. Sevcik worked when he wanted to, "clean[ing] or mop[ing] the floor".  *Id.* at 116-17.

common Mr. Vargas, as a shareholder, that, without more, is an insufficient legal or factual basis for holding R & R Einstein Corp., Courtlandt Supermarket Corp., Boston Post Food Corp., or the three "unidentified" entities liable for claims made by Arthur Frederick, David Sevcik, or Robert Long arising from Mr. Frederick's actual or Mr. Sevcik's or Mr. Long's alleged employment by Dreiser Loop Supermarket Corp.  In addition, the fact that Plaintiffs did not even know the names of their alleged employers (i.e. the "unidentified entities") renders the assertion in the Plaintiffs' Memorandum suspect.

Plaintiffs' proposed amendment should therefore be denied.  Defendant Dreiser Loop Supermarket Corp. is already a defendant in this action.   Mr. Frederick never had an employer-employee relationship with any defendant other than Dreiser Loop Supermarket Corp.  Mr. Long and Sevcik had no employment relationship with any defendant.  As all employers of the Plaintiffs are already part of this action, an amendment adding additional defendants for the purposes of expanding the FLSA class or NY Labor Law class is improper.  No Plaintiff to this action has the standing, as employees under the FLSA or NY Labor law, to make such claims and therefore such an amendment would be subject to immediate dismissal for failure to state a claim.  Thus, such an amendment would be futile and should therefore be denied.

## II.   THE COURT SHOULD DENY CONDITIONAL CERTIFICATION OF PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIMS BECAUSE PLAINTIFF'S DECLARATION IS FACTUALLY INSUFFICIENT TO SHOW PLAINTIFFS ARE SIMILARLY SITUATED TO OTHER EMPLOYEES

Plaintiffs' FLSA claim should be denied because Plaintiffs' proofs are manifestly insufficient to show a factual nexus showing Plaintiffs are similarly situated to other employees

within the proposed class.  Mr. Frederick's Declaration is manifestly insufficient and

uncorroborated; as a result denial of conditional certification is warranted.

FLSA Certification pursuant to 29 U.S.C. § 216(b) is a two-step process.  *See Iglesias-Mendoza v. La Belle Farm. Inc.,* 239 F.R.D. 363, 367 (S.D.N.Y.2007). "At the first step, known

as the notice phase, courts utilize a lenient evidentiary standard in assessing whether the Plaintiff

has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is

similarly situated to the named Plaintiff. *Id.; see also Hoffmann v. Sbarro. Inc.,* 982 F.Supp. 249,

261 (S.D.N.Y.1997). '[C]ourts have held that plaintiffs can meet this burden by making a modest

factual showing sufficient to demonstrate that they and potential plaintiffs together were victims

of a common policy or plan that violated the law." *Sbarro,* 982 F.Supp. at 261 (citing *Jackson v.*

*New York Telephone Co.,* 163 F.R.D. 429, 431 (S.D.N.Y.1995)). A plaintiff can meet this

standard by relying on his or her own pleadings, affidavit, or declaration, and the affidavits or

declarations of other prospective class members. *See, e.g., Iglesias-Mendoza,* 239 F.R.D. at 368

(looking to the declarations of the named plaintiffs); *Gjurovich v. Emmanuel's Marketplace, Inc.,*

282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) (relying on specific information presented by the

plaintiff, including the names and number of potential class members). The Court need not

consider the merit of the potential FLSA claim in assessing whether a collective action should be

certified. *Sbarro,* 982 F.Supp. at 262."  *Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511. *4

(S.D.N.Y. 2007).

"The second step involved in the FLSA collective action certification process occurs after

notice has been sent to the prospective class members and after discovery has been conducted. At

the second stage, the Court entertains, upon proper application, a decertification motion by a

defendant challenging the propriety of the presence of one or more of the opt-in plaintiffs in the

class. *See Iglasias- Mendoza. 239 F.R.D. at 367*." *Anglada.*, 2007 WL 1552511 *4 (S.D.N.Y. 2007).

At this early stage, Plaintiff has an admittedly modest factual showing. *Sbarro,* 982 F.Supp. at 261. Even so, Plaintiffs' proofs are plainly inadequate to satisfy this showing. Plaintiffs have submitted only the Declaration for Mr. Frederick, and that is correspondingly uncorroborated even though there are three plaintiffs in this matter. Similarly, as a matter of content, many statements within the Declaration are mere assertions which cannot, without corroboration, satisfy the Plaintiffs' modest showing. Finally, Plaintiffs have failed to indicate a single other similarly situated person employed by Defendants, despite receiving thousands of pages of wage records which included the names, hours, and wages of every employee of Defendants from 2004 to 2007. The Plaintiffs' failure to detail even one additional person as being similarly situated is fatal to their claim. Together, the Plaintiffs' proofs are insufficient to satisfy the modest burden of showing a factual nexus between Plaintiffs and other employees.

A major flaw of Plaintiffs' Motion is the lack of corroboration for Plaintiffs' allegations. Declarations provide the factual nexus required to satisfy the Plaintiffs modest burden. *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 322 (S.D.N.Y. 2007). Notably, Plaintiffs only offer the Declaration of Mr. Frederick. Exhibit B to Plaintiffs' Motion. This single, uncorroborated Declaration does not demonstrate a factual nexus between the Plaintiffs and other employees because it contains merely uncorroborated and vague factual assertions. *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 631 (S.D.N.Y. 2007) (denying FLSA certification where there was no reference to a policy and failure to generally or specifically name or references any other plaintiffs); *See Diaz v. Electronics Boutique of America, Inc.*, 2005 WL 2654270, *4 (W.D.N.Y. 2005) (denying FLSA certification where claim was particular to

experience and no allegations of common plan or policy); *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 634 (S.D.N.Y. 2007) (noting that the declaration of a single class plaintiff containing nothing more than uncorroborated statements would be insufficient to support FLSA certification).  Plaintiffs cite no cases supporting such a result.  *See, e.g. Jacobsen v. Stop & Shop Supermarket Co.*, 2003 WL 21136308 (S.D.N.Y. 2003) (defendant admitted liability and sole issue was whether there was a common policy or plan); *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y. 1998); *Jackson,* 163 F.R.D. 429 (six plaintiffs sufficient for FLSA certification); *Schwed v. General Elec. Co.*, 159 F.R.D. 373 (N.D.N.Y. 1995) (two plaintiffs sufficient for FLSA certification).   In summary, Mr. Frederick's Declaration, without more, does not satisfy the modest showing required of Plaintiffs.

Further, Mr. Frederick alleges he worked in the seafood, security, and stockers departments.  Frederick Decl. ¶ 3.  He has no knowledge of how employees in other departments, let alone other stores and companies, were treated.  None of those employees are similarly situated.

Further complicating matters is the uncorroborated and bald assertions masquerading as fact contained in the Declaration itself.  *See, e.g.,* Frederick Decl. ¶ 6.  Mr. Frederick states, "Employees normally worked more than 40 hours per week, typically working approximately 60 hours per week, but were not paid at the legally required overtime rate for most of their overtime work, nor even paid the minimum wage."  *Id.*  Mr. Frederick does not state who these employees are, where they worked, how he knows the information, or if he is even one of them by giving actual days when this may have happened to him.  Without knowing which employees he observed, Mr. Frederick's statements are merely bald assertions and can not satisfy the modest burden of showing a factual nexus between himself and other, similarly situated employees.

8

Mr. Frederick's references to his co-Plaintiffs does not satisfy this showing as they are already co-Plaintiffs.

Compounding the lack of corroboration is the lack of specificity within the Declaration as to which other employees of Defendants are similarly situated.  Where, as here, there is no specificity, that factual nexus is absent.  *Gjurovich*, 282 F.Supp.2d at 104 (Finding sufficient factual nexus when "The Plaintiff has identified by name a number of current or former meat department employees who held the same or similar positions as the Plaintiff").  Plaintiffs have been provided with thousands of pages of payroll records, including the names of every employee for Defendants at the stores named as parties.  Exhibit E to Plaintiffs' Motion.  However, not even one person, employed past or present, is stated as being similarly situated, despite the assertions that Mr. Frederick spoke with "other employees."  Frederick Decl. ¶ 7.  There is no excuse for the Plaintiffs' failure to name one or more other potential Plaintiffs given the extensive records given over to the Plaintiffs, except that Mr. Frederick, who was, in reality, the only security guard, has no one else at the 111 Dreiser Loop store who was similarly situated to him.

In addition, there is no question that there is no similarity between different departments at different stores.  Vargas Aff. ¶ 5-6.  Different stores' same departments have different responsibilities, schedules, hours, supervisors, and duties.  Vargas Aff. ¶ 6.  None of these employees work across departments.  Vargas Dep. 68.  Likewise, Plaintiffs have proffered no evidence that employees at other stores are similarly situated to any of the Plaintiffs.

### III.   IF THE COURT CONDITIONALLY CERTIFIES A FLSA COLLECTIVE ACTION, THE PROPSECTIVE CLASS SHOULD BE LIMITED TO EMPLOYEES OF DREISER LOOP SUPERMARKET CORP. WHO WORKED IN DEPARTMENTS WITHIN THE PERSONAL KNOWLEDGE OF PLAINTIFF FREDERICK

Plaintiffs' proposed class is all supermarket workers at seven different stores, owned by seven different corporations (six of which Mr. Frederick never worked at), from December 2000 to the present (comprising approximately 7.5 years). This "class" is overly broad in many ways. First, the class should be limited to the entity Plaintiff Frederick[4] worked for (Dreiser Loop Supermarket Corp.). *See* § I, p. 2-4, *supra*. Second, the class should be limited to those departments Plaintiff Frederick alleges he has personal knowledge of: the security department, the seafood department, and stockers. Frederick Decl. ¶ 3. Third, the class should be limited to similarly situated employees, of which Plaintiff Frederick names none. Plaintiffs' proposed class is therefore too broad as the Plaintiffs' do not have personal knowledge that any persons outside of this class are similarly situated to Mr. Frederick.

### A.   *The Proposed Class Should be Limited to Employers and Stores within the Personal Knowledge of Declarant.*

Mr. Frederick was an employee of Dreiser Loop Supermarket Corp. Vargas Dep. 120. Frederick worked in the security department at 111 Dreiser Loop and was the only person to ever work in that department during the relevant time period (including through the present). Vargas

---

[4] Defendants dispute whether Mr. Sevcik or Mr. Long were employees of Defendant Dreiser Loop Supermarket Corp. After discovery, it will become apparent that Mr. Long and Mr. Sevcik were independent contractors of Defendant Dreiser Loop Supermarket Corp. and therefore neither may bring FLSA or NY Labor Law claims against Defendants. Moreover, there is no dispute that the only company Long and Sevcik can claim to be employees of would be Dreiser Loop Supermarket Corp.

Aff. ¶ 7.  Mr. Frederick also asserts that he worked in the seafood department and as a stocker.
Frederick Decl ¶ 3.  However, Mr. Frederick does not assert and can not assert an employer-
employee relationship with any defendant other than Dreiser Loop Supermarket Corp.  Frederick
Decl. (only naming Dreiser Loop Supermarket Corp.); Vargas Aff. ¶ 7.  Thus, Mr. Frederick
lacks personal knowledge as to the terms, conditions, and requirements of any store other than
Dreiser Loop Supermarket Corp.

The class should therefore first be limited to employees of Dreiser Loop Supermarket
Corp., Mr. Frederick's employer.  Mr. Frederick, the only Plaintiff submitting a Declaration,
worked at 111 Dreiser Loop.  Vargas Aff. ¶ 7; Vargas Dep. 114.  111 Dreiser Loop is a "C-
Town"[5] owned and operated by Dreiser Loop Supermarket Corp.  Vargas Aff. ¶ 2.  Mr. Vargas is
the sole shareholder of Dreiser Loop Supermarket Corp. *Id.* at 29.  Mr. Frederick was employed
by Dreiser Loop Supermarket Corp.  **Exhibit C;** Exhibit E to Plaintiff's Motion.  Mr. Frederick
was not employed by any other store.  Vargas Aff. ¶ 7, 8.  Just as Mr. Frederick has no basis for
asserting claims against any corporation other than Dreiser Loop Supermarket Corp, the class
should be limited to employees of Dreiser Loop Supermarket Corp.

As noted, Plaintiffs have no basis for personal knowledge regarding any store other than
111 Dreiser Loop.  Mr. Frederick was employed only at that one store and thus has no personal
knowledge as to the duties, responsibilities, practices, hours, or schedules as to any other store.
In short, the only support is Mr. Shen's and Mr. Frederick's inductive reasoning, which will not
support such a broad class.  Shen Declaration; Frederick Decl.; *Anglada*, 2007 WL 1552511, *6.
Thus, the class should be further limited to employees who worked for Dreiser Loop
Supermarket Corp. at 111 Dreiser Loop.  *See also* § IV(A) at p. 14-17, *supra.*

---

[5] C-Town is a trade name owned by Alpha Marketing and licensed to Dreiser Loop Supermarket Corp.  Vargas Dep.
28-30.

B.  *The Proposed Class Should Be Limited to the Departments Within the Personal Knowledge of Declarant.*

Further, Mr. Frederick only states personal knowledge as to three departments: (1) the security department, (2) stockers, and (3) the seafood department.  Frederick Decl. ¶ 3. However, there are eight departments at 111 Dreiser Loop.  The categories of employees are: (i) deli employees, (ii) meat employees, (iii) seafood employees, (iv) produce employees, (v) the administrative employee(s), (vi) stockers, (vii) cashiers, and (viii) security.  Vargas Dep. 67-71. All these employees of these different departments have different duties, hours, responsibilities and schedules.  Vargas Aff. ¶ 5-6.  Plaintiff Frederick has no personal knowledge as to the work hours, terms, or conditions for other departments.  Varges Dep. 67--68 ("We never take one department to work in another department.").  If Mr. Frederick does have such knowledge, the basis for it is vaguely attributed to discussions with other employees.  Frederick Decl. ¶ 6-7. However, Plaintiffs require a favorable inference that such employees include other departments – nowhere in Mr. Frederick's Declaration does he specify any knowledge or basis for such knowledge about any other department.  Frederick Decl.  Further, no where does it say how or who Mr. Frederick spoke to at other companies.  In short, "there exists a 'total dearth of factual support'" for the Plaintiffs' urging for store-wide and cross-store certification.  *Anglada*, 2007 WL 1552511, *5.  The creation of a broad class should be denied or limited to employees in the security, seafood, or stocker

C.      *Plaintiffs Proffer No Legal Basis For Expanding The Proposed*
        *Class Beyond the Alleged Personal Knowledge of Declarant.*

The Courts do not broaden classes beyond the personal knowledge of the Declarants.

*Anglada*, 2007 WL 1552511, *6 (refusing to certify conditional class beyond the knowledge of

Declarant); *see also Hoffman*, 982 F.Supp. at 262 (noting cases where courts denied sending

notice where there was a total dearth of factual support for allegations of widespread

wrongdoing, citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983) (district court did

not abuse its discretion in refusing to authorize class notice where plaintiff's counsel offered only

unsupported assertions of widespread FLSA violations); *Severtson v. Phillips Beverage Co.*, 137

F.R.D. 264, 266 (D.Minn. 1991) (motion for court-authorized notice denied where plaintiff's

unsupported allegations, standing alone, provided an 'insufficient basis for determining whether

sending court-authorized notice is appropriate'); *Vreeland v. Ethan Allen, Inc.*, 828 F.Supp.14

(S.D.N.Y. 1993) (court refused to authorize class notice in ADEA case where named plaintiffs

presented no evidence of a single plan of discrimination and plaintiffs' individual claims of

discrimination were 'so disparate and fact intensive that a class of similarly situated plaintiffs

[did] not in fact exist'); *Klegerman v. F.G. Apparel, Inc.*, 1986 WL 2531, *5 (N.D. Ill. Feb. 11,

1986) (court denied motion of class notice, without prejudice, where plaintiff failed to identify

any other 'similarly situated' employees and presented no evidence of widespread discriminatory

plan)).  Here, the only Declarant is Mr. Frederick, and thus the class should be accordingly

limited to his knowledge.  The Court in *Anglada* noted, "Because the Plaintiff's inductive

reasoning as to the nationwide condition of Assistant Store Managers of Merchandising in all

LNT stores nationwide is not supported by the Plaintiff's personal knowledge or by the

affirmation of one or more putatively similar employees…the standard for certifying a

nationwide collective action has not been met".  2007 WL 1552511, *6; *see also Hoffman*, 982

F.Supp. at 262 (collecting out of jurisdiction cases, stated above).  Therefore, this Court should

refuse to certify any proposed class based on inductive reasoning as opposed to personal

knowledge of Mr. Frederick, the only declarant.

## IV.    PLAINTIFFS' DEMAND FOR RULE 23 CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE FAILED TO SATISFY THE PREREQUISITES FOR MAINTAINING A RULE 23 ACTION

"[Rule 23 of the Federal Rules of Civil Procedure ("Rule 23")] governs class

certification. To be certified, a putative class must meet all four requirements of Rule 23(a) as

well as the requirements of one of the three subsections of Rule 23(b). In this case, as in most

cases seeking money damages, plaintiffs bear the burden of demonstrating that the class meets

the requirements of Rule 23(a)-referred to as numerosity, commonality, typicality, and adequacy

-and that the action is 'maintainable' under Rule 23(b)(3). Under Rule 23(b)(3)-the only

applicable subsection of Rule 23(b)-'common' issues of law or fact must 'predominate over any

questions affecting only individual members,' and a class action must be demonstrably 'superior'

to other methods of adjudication." *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D.176, 179

(S.D.N.Y. 2005) (citing *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2nd Cir.

1999); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).  "In order to pass muster,

plaintiffs-who have the burden of proof at class certification-must make 'some showing' that the

proposed class comports with Rule 23." *Fogarazzao*, 232 F.R.D. at 179.

"The Second Circuit requires a 'liberal construction of Rule 23 of the Federal Rules of

Civil Procedure ("Rule 23")… Notwithstanding the general liberality in this circuit towards class

certification motions, the Supreme Court unequivocally requires district courts to undertake a 'rigorous analysis' that the requirements of Rule 23 have been satisfied." *Id.* at 179-80 (citing *Korn v. Franchard Corp.*, 456 F.2d 1206 (2nd Cir. 1972); *In re Lloyd's Am. Trust Fund Litig.*, 1998 WL 50211, *5 (S.D.N.Y. 1998); *Green v. Wolf Corp.*, 406 F.2d 291, 300 (2nd Cir. 1968); *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *Kaczmarek v. International Business Machines Corp.*, 186 F.R.D. 307, 311 (S.D.N.Y. 1999). "In ruling on class certification, a district court may not simply accept the allegations of plaintiffs' complaint as true. Rather, it must determine, after a 'rigorous analysis,' whether the proposed class comports with all of the elements of Rule 23. '[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question…[A]ctual, not presumed, conformance with Rule 23(a) remains…indispensable." *Fogarazzao*, 232 F.R.D.176 (citing *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 91 (S.D.N.Y. 2004); *Falcon*, 457 U.S. at 161); *Kaczmarek*, 186 F.R.D. at 311; *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2nd Cir. 1982) ("[The District Court must] develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met.").

A.   *The Proposed Class Does Not Satisfy the Numerosity Requirement And Therefore Retaining Individualized Claims is Preferable to a Class Action.*

The Plaintiffs' proposed class does not satisfy the numerosity requirement of FRCP 23(a). The actual total number of employees at Dreiser Loop Supermarket Corp. in the seafood, security, and stocker departments from 2004 to present are eight people (including Frederick). Vargas Aff. ¶ 14. Even extrapolating as Plaintiffs suggest (which includes assuming 100%

15

turnover), the total number of employees in those departments from 2000 to present would be 15 and thus far too few to satisfy the numerosity requirement of FRCP 23(a), as even the Plaintiffs concede.  *See* Plaintiff's Memorandum of Law P. 9 (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995) ("numerosity is presumed at a level of 40 members.").

The Plaintiffs' projections are erroneously based on three assumptions: (1) it includes all seven stores, (2) includes all eight departments, and (3) assumes complete turn-over in the entire store.  Plaintiff Frederick is not similarly situated to employees in the other stores: he didn't work with them, or for the same company, he has no personal knowledge as to their hours, schedules, or duties, and in fact, they have different hours, schedules, and duties from him.  *See supra* § III at p.9-12.  Further, Mr. Frederick has no personal knowledge as to other persons in departments he didn't work in, such as deli or meat.  *See supra* § III at p.11.  For these reasons, Plaintiffs' proposed class should be limited to the companies they worked for and to the departments Mr. Frederick worked in.  A greater problem is Plaintiffs' use of full turnover in calculating their numbers.  In actuality, out of seven employees between those three departments, four left between 2004 and 2007.  This is a 57% turnover, which suggests that the actual class size will be approximately 11.

Plaintiff Frederick, the only plaintiff submitting a declaration in support of the motion, allegedly worked in the security department, in the seafood department, and as a stocker.  Complaint ¶ 12; Frederick Decl. 3.  The categories of employees at Defendants are: (i) deli, (ii) meat, (iii) seafood, (iv) produce, (v) administrative, (vi) security, (vii) stockers, (vii) cashiers, and (viii) security.  Vargas Dep. 67-71; Vargas. Aff. ¶ 5.  Plaintiffs have produced no documentation to support the bald assertion that deli employees, meat department, produce employees, administrative employees, and cashiers should be part of the same class.  These

different departments are very different in duties, hours, schedules, and responsibilities.  Vargas Aff. ¶ 6.  Plaintiffs' Memorandum absolutely fails to support the broad class proposed (all supermarket workers) as the basis for the proposed class.  Plaintiffs' Memorandum of Law P. 7 (first full paragraph; citing solely to *Cao v. Chandara Corp.*, which is <u>not</u> a FLSA collective action case or FRCP 23 class); *see supra* § III at p.11 (stating Mr. Frederick's lack of personal knowledge as to other stores and departments).

There are six persons who are conceivably similarly situated to Mr. Frederick: Roberto Diaz, Ligrado Marte, Moises Olivares, Daniel Rodriguez, Ascension Nava, and Maximo Mendez.  Vargas Aff. ¶ 12.  Mr. Diaz and Mr. Nava were employed in the seafood department by Dreiser Loop Supermarket Corp.  Vargas Aff. ¶ 13.  Mr. Marte, Mr. Olivares, Mr. Rodriguez, and Mr. Mendez were employed as stockers.  Vargas Aff. ¶ 14.  Only Mr. Frederick worked in the security department.  Vargas Aff. ¶ 7, 15.

However, Mr. Diaz should not be included as persons similarly situated to Mr. Frederick.  Mr. Diaz worked only 30 hours per week between 2004 and 2007.  **Exhibit C;** Vargas Aff. ¶ 16.  To even be eligible for overtime, both Mr. Medina and Mr. Diaz would have had to have worked more than two additional hours per day "off the clock."  There is no reason that Mr. Diaz or Mr. Medina would be considered similarly situated because they were part-time and worked far less than 40 hours per week.

Assuming Mr. Frederick's statements that he worked in the seafood department, as a stocker, and as security are true, *arguendo*, Mr. Marte, Mr. Olivares, Mr. Rodrioguez, Mr. Nava, and Mr. Mendez are all conceivably similarly situated as they worked in the same departments that Mr. Frederick is alleging he worked in.  However, five similarly situated persons does not a class action make, even according to Plaintiffs.  *See* Plaintiff's Memorandum of Law P. 9

(stating 21 members is required for class); *see also Consol. Rail Corp.*, 47 F.3d at 483 (noting numerosity presumed at 40 members).

Even generously doubling that number to account for the entire claimed period, December 2000 to present, which is based on a 100% turnover of staff, no more than ten persons would be conceivably similarly situated to Plaintiffs.  Ten persons is far short of the number of persons required to satisfy the numerosity requirement of a class action.  According to the Plaintiffs, "While there are no rigid numerical guidelines for determining the impracticability of joinder, courts have observed that generally less than 21 is inadequate…."  *See* Plaintiff's Memorandum of Law P. 9; *see also Consol. Rail Corp.*, 47 F.3d at 483 (noting numerosity presumed at 40 members).  Thus, the class action should be denied as there are no more than ten people who are conceivably similarly situated to Mr. Frederick.

> B.  *There Is No Common Question of Law or Fact Regarding Defendants' Policies.  Liability Turns On Fact-Intensive Individualized Determinations As To Each Employees' Work Hours.*

Plaintiffs' Memorandum states six non-exhaustive questions of law and fact common to the class which allegedly predominate over any questions affecting only individual members.  Memorandum of Law P. 12.  Commonality requires a showing that common issues of fact or law affect all class members.  FRCP 23(a)(2); *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 84-85 (S.D.N.Y. 2007).  "The critical inquiry is whether the common questions are at the core of the cause of action alleged." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. at 85*; In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 166-67 (2nd Cir. 1987).  In this action,

there is no common question at the core of this action, the answer of which, is equally applicable to all of the class members.

The first question regarding "the terms of employment regarding compensation, including minimum wages and overtime pay, for the class members" is a fact intensive and individual question.  It is true that the law applies to all employees, but how such law applies to each employee is an individual question.  Here, wages are based on seniority.  Vargas Dep. 73. The issue of overtime hours is likewise based on an individual analysis and not on a generalized policy, as individual records are kept for each employee.  *See* Exhibit E to Plaintiff's Motion. Thus, this question is not common to the class but instead individual.  For all employees, the hours worked are individual to the employee and not to employees as a whole. To the extent an employee wishes to dispute an individual record, that question of fact will require a "mini-trial." Considering the size of this class is approximately 16, such mini-trials would be better adjudicated separately by each individual.  *Kaczmarek*, 186 F.R.D. at 312 (denying class certification because issues would be unmanageable).  Such individual issues will predominate over the allegedly "common" questions because each individual worked different hours from each other, per week.  Even assuming one employee can prove his hours worked were undercounted, that would not be sufficient to prove a different employee's hours were also undercounted.  Each plaintiff will have to individually prove that the records are incorrect as to them and the number of hours they individually worked – an issue not common to all plaintiffs. Considering Defendants' already produced records, the common question will be whether Plaintiffs can prove that they worked more than 40 hours per week despite documentary evidence in the form of the Defendants' payroll records.  Such determinations can not be generalized, will be case by case and determined individually.  This is the core question of

liability and it will, ultimately, be an individualized determination not well suited for a class determination.

The second question is whether Defendants failed and/or refused to pay to class members the correct pay for hours worked in excess of forty per work week within the meaning of the New York Labor Law.  This question is also highly fact-intensive and individual.  Plaintiffs will need to prove that the Defendants' pay records are incorrect AND that the hours represented there are understated.  For some of these individuals, the Plaintiff will need to show that they worked many additional hours (see, e.g., Ana Rodriguez BS 4760, who worked 40 hours in two weeks for the pay period ending January 7, 2004 or Rosa Blake BS 4387, who worked 28 hours per week from May 26, 2004 to June 23, 2004) in excess of their stated hours.  Each department (at each store) will require its own sub-class in order to adjudicate the alleged "common" questions of fact and law.  At the Dreiser Loop store, this will require eight (8) sub-classes.  Thus, this second core question of law is also poorly suited for a common determination.

The third question of fact, whether proper wage records were maintained is moot as Defendant has produced wage and hour records to Plaintiffs.  *See, e.g.,* Exhibit E to Plaintiffs' Motion.  The real question is whether Defendants' records are correct.  This requires individualized mini-trials for each class member.  Thus it is not a common question.

The fourth question, what proof of the hours is sufficient where records are not maintained is in fact a common question across all of the employees.  However, the defendants keep records and this question presupposes that Defendants' records are not in fact adequate and the Court may never reach this issue.

The fifth question regards the New York Labor Law's "spread of hours" requirement. Before reaching that issue, the Plaintiffs will have to prove that the Defendants records are

incorrect and inadequate and then the Court will have to determine, as a factual matter, the hours worked for each employee.  The Court may find that not a single employee worked more than 10 hours or that such employee was paid at least the minimum wage for all hours worked plus the additional hour.  NY CRR § 142-2.4 (2008); *Jenkins v. Hanac, Inc.*, 493 F.Supp.2d 556 (E.D.N.Y. 2007).  In short, this question is far from "core".  Even assuming that Plaintiffs can prove any person worked more than 10 hours, the question is at best ancillary to the claims of the class and certainly not common to the entire class.

The sixth "common" question of law and fact is whether Defendants failed to pay class members for all the hours they worked.  Plaintiffs' Memorandum of Law P. 12.  This is not a common question as some employees may be seeking overtime while others were part-time and worked substantially less than forty hours per week, but all had their hours fully documented. *See* Exhibit E to Plaintiffs' Motion.  No determination can actually be made **except** on an individual basis.  In short, this question may provide a "core" question, but it can only be answered individually, and is thus ill-suited for class determination.

### C.   The Plaintiffs Will Not Fairly or Adequately Protect the Interests of the Class.

In this matter there are three co-plaintiffs: Mr. Frederick, Mr. Sevcik, and Mr. Long, and they would inadequately protect the interests of the class.  FRCP 23(a).  The class representative must "fairly and adequately protect the interests of the class."  *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 373 (S.D.N.Y. 2000).  There is no question that neither Mr. Sevcik or Mr. Long can adequately represent or protect the interests of the class.  First, neither Mr. Sevcik nor Mr. Long has shown sufficient interest in this matter to even submit a Declaration in support of the motion.  *de la Fuente v. DCI Telecommunications, Inc.*, 206 F.R.D. 369, 391 (S.D.N.Y. 2002)

(class representative must be committed to vigorously prosecuting matter).  On that basis alone they should be disqualified.   Second, Mr. Long and Mr. Sevcik were, at best, 1099 independent contractors.  Vargas Aff. ¶ X; Vargas Dep. 113-14, 120.  Third, there is a question as to Mr. Sevcik's and Mr. Long's mental capacity.  Vargas Dep. 113, 130.  As to Mr. Frederick, there are serious pending questions as to his credibility, veracity, and personal history.  Vargas Dep.123-27 (allegations that Mr. Frederick was rude to elderly white ladies, taking his daughter to a busy supermarket instead of day care, was a terrible employee, involvement in a drug raid, involved with illegal weapons, possible death threats, and debts due to Mr. Vargas in excess of $500.00).  Any of these issues could focus the litigation on a collateral issue and detract from the other class members' claims.  Considering this, Mr. Frederick is an inadequate class representative and should not be allowed to be the class representative.  Further, none of these Plaintiffs are adequate class representatives for other departments or other stores.

### D.   Certification Pursuant to FRCP 23(b)(3) is Inappropriate Because Common Questions of Law or Fact Do Not Predominate.

Plaintiffs are seeking FRCP 23(b)(3) class certification.  FRCP 23(b)(3) provides that the Court must find that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  (2008).  There are four non-exhaustive factors pertinent to FRCP 23(b)(3): (A) the class members' interests in individually controlling the prosecution or defense of separate actions, (B) the extent and nature of any litigation concerning the controversy already begun by or against class members, (C) the

desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the likely difficulties in managing a class action.  FRCP 23(b)(3)(A)-(D) (2008).

The most pertinent factor here is the likely difficulties in managing a class action.  The allegedly "common" questions of fact will necessitate a sub-class per department as each store has different hours, schedules, duties, and supervisors for departments.  *See supra* § IV(B) at p. 18; Vargas Aff. ¶ 5.  Employees are not fungible between departments.  Vargas Dep. 67-69.

Further, employees are not fungible between stores.  For example, the meat department at 111 Dreiser Loop works different hours than other stores; thus their shifts will be different and there will be no commonality as to their claims.  Vargas Dep. 56, 82-83.   The positions at one store are not similar to the same position at another store.  Vargas Aff. ¶ 6.  Thus, as there are seven stores, there would be 56 sub-classes at this point (although the actual number would be slightly lower as not every store has every department).

Plaintiffs also do not distinguish between part-time and full time employees; however additional classes will be needed to do so as the employment status of the employees is vital to the Plaintiffs' allegations.  Three additional cross-cutting classes will be required: employees who received overtime, employees who worked between thirty five and forty hours per week but did not receive overtime, and employees who worked less than 35 hours per week.  Multiplying this by the above number of classes (56) equals 168 sub-classes.  Plaintiffs' estimate of the number of employees (397), spread across 168 sub-classes, will render a near-individualized determination averaging two to three persons per sub-class.

Plaintiffs allege that "Here, the resolution of the common questions of fact and law….can be achieved through generalized proof" which is flatly not true.  Plaintiffs' Memorandum of Law.  On this record, there is no reason to believe that anything other than specific proof will

surmount the documentary evidence tendered by Defendants as to the core issues of common law and fact in this matter.

V.       **CONCLUSION**

Plaintiffs' combined motion to amend, conditionally certify pursuant to the Fair Labor Standards Act, and certify a class action for New York State Labor Law claims pursuant to FRCP 23 should be denied.  Plaintiffs' Motion to Amend should be denied as futile as the Defendants will immediately move to dismiss the additional parties as none of the Plaintiffs have standing to bring an action against these proposed corporate defendants, for whom they never worked and have no knowledge of.  Plaintiffs' Motion for Conditional Certification should be denied because Mr. Frederick can not establish a factual nexus between himself and other employees who are similarly situated.  The only factual support for Plaintiffs' motion is Mr. Frederick's uncorroborated and factually devoid declaration.  Mr. Frederick's uncorroborated assertions, that do not name any specific person or fact, are insufficient to provide the basis for the conditional certification.  Further, the class proposed is overly broad considering that the basis for the class is mere supposition and not based on the personal knowledge of any plaintiff or declarant.  The class should accordingly be limited to Dreiser Loop Supermarket Corp. and the three departments Mr. Frederick alleged he worked in.  Plaintiffs' Motion for Class Certification should be denied because it cannot withstand the rigorous analysis required under FRCP 23.  Further, the Plaintiffs can not satisfy the numerosity requirement because there are at most, approximately 14 persons across six and a half years are conceivably similarly situated to, and within the narrow class, Mr. Frederick, the only declarant, has knowledge of.  Specifically, the allegedly "common" issues will necessitate extensive, individualized factual resolution and

class certification is inferior to individual resolutions as the Defendants have already produced pay records.  Accordingly, the Court should deny Defendant's motion to amend, conditionally certify a Fair Labor Standards Act case, and certify a class action on New York State Labor Law claims pursuant to FRCP 23.

Dated:  August 6, 2008
       Rockville Centre, NY

                                    /s/
                       Gregory S. Lisi, Esq. (GL0834)
                       Law Offices of Gregory S. Lisi, P.C.
                       55 Front Street, Suite 7
                       Rockville Centre, NY 11570
                       *Attorneys for Defendants*
                       (516) 678-7100

Michael Shen, Esq.
225 Broadway
Suite 2515
New York, NY 10007
*Attorneys for Plaintiffs*

25