UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ARTHUR FREDERICK, DAVID SEVCIK, :
and ROBERT LONG, :
 :
 Plaintiffs, :
 : **SUMMARY ORDER**
 -against- :
 : 06 Civ. 15341 (AKH)
DREISER LOOP SUPERMARKET CORP., :
C-TOWN, BRAVO SUPERMARKET, and :
RAYMOND VARGAS, :
 :
 Defendants. :
---------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties appeared before me on October 23, 2008 for oral argument on Plaintiffs' motion to circulate a notice of pendency and consent to join a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to certify a class action pursuant to Fed. R. Civ. P. 23, and to amend the complaint to add certain corporate defendants. For the reasons stated on the record, I grant Plaintiffs' motion with regard to the allegations of overtime wage violations, but not with regard to the allegations of unjust enrichment and minimum wage violations.

      In support of an FLSA collective action, Plaintiffs argue that they are "similarly situated" to all non-management employees at seven supermarkets owned, through seven corporate entities, by Defendant Raymond Vargas. Plaintiffs allege that Defendant Vargas willfully failed to pay overtime wages to these employees as a matter of common policy, in violation of 29 U.S.C. § 207(a). See Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). To establish this common policy, Plaintiffs offer declarations by three employees at one supermarket, who state their knowledge that employees at all seven supermarkets are regularly denied overtime pay, as well as the deposition testimony of Defendant Vargas, who states that

employees at all seven supermarkets are subject to the same policies. These submissions satisfy the "modest factual showing" necessary to obtain authorization to circulate notice of an FLSA collective action. Hoffman, 982 F. Supp. at 261; see Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *23 (S.D.N.Y. Sept. 26, 2006). Although, as Defendants note, the proposed recipients of notice differ in job responsibilities, hours worked, and other details of employment, these differences do not undermine Plaintiffs' showing that they share a common claim that Defendants violated the FLSA. See Hallissey v. Am. Online, Inc., No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387, at *5 (S.D.N.Y. Feb. 19, 2008). Accordingly, I authorize Plaintiffs to circulate notice of an FLSA collective action, on the issue of overtime wage payment, to those non-management employees of the seven supermarkets owned by Defendant Vargas who were employed after December 21, 2003. See 29 U.S.C. § 255(a).

Plaintiffs also seek class certification pursuant to Fed. R. Civ. P. 23 for their claim that Defendants violated the overtime wage provisions of the New York Labor Law, §§ 190 et seq. and §§ 650 et seq. Plaintiffs' proposed class comprises all non-management employees at the seven supermarkets owned by Defendant Vargas who were employed after December 21, 2000 and denied overtime wages in violation of state law. See N.Y. Lab. Law § 198. Defendants argue mainly that this prospective class lacks common questions of law or fact and that Plaintiffs' claims are not typical of those of the class as a whole. See Fed. R. Civ. P. 23(a). However, Plaintiffs have made a sufficient factual showing that they, like non-management employees at all seven supermarkets, were denied overtime wages pursuant to a common policy. Plaintiffs have therefore satisfied the commonality and typicality requirements of Rule 23. Further, the proposed class, which is estimated to be approximately one hundred members, is sufficiently numerous, and Defendants have not shown that the named Plaintiffs would be

inadequate class representatives. See id. Finally, Plaintiffs have satisfied Fed. R. Civ. P. 23(b)(3) because common questions concerning Defendants' alleged nonpayment of overtime wages predominate over those requiring individualized proof, and because the economy of resolving Plaintiffs' state and federal claims in one litigation renders a class action the superior method of adjudicating the New York Labor Law claim. See Fed. R. Civ. P. 23(b)(3); Damassia v. Duane Reade, Inc. 250 F.R.D. 152, 163 (S.D.N.Y. 2008); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 96 (S.D.N.Y. 2001). Accordingly, I hold that Plaintiffs have met the requirements of Fed. R. Civ. P. 23 and certify the proposed class. See In re Initial Public Offering Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006).

Plaintiffs agree to withdraw their unjust enrichment claim and their claims that Defendants violated the minimum wage provisions of the FLSA and the New York Labor Law. Accordingly, I dismiss these claims from the action. Plaintiffs may proceed only on their claims that Defendants violated the overtime wage provisions of the FLSA and the New York Labor Law, Counts I and II of the complaint.

I grant Plaintiffs leave to amend the complaint to add as defendants the six corporations owned by Defendant Vargas that employed the potential plaintiffs in the FLSA collective action and the members of the Rule 23 class.

The parties shall submit a joint letter to the Court within ten days proposing a single form of notice for both the FLSA collective action and the Rule 23 class action, and also describing their disagreements, if any, with respect to the form of notice.

The Clerk shall mark the motion (Doc. # 24) as terminated.

SO ORDERED.

Dated:  October 24, 2008
        New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge